UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RYAN S. McNAMEE,

                        Plaintiff,

                                                    9:06-CV-1364
v.                                                  (LEK/GHL)

THE SCHOHARIE COUNTY JAIL; LT. JAMES
HAZZARD; CPL. J. CRONK; DEPUTY PAUL
MARSH, JR.; DEPUTY N. ALEXANDER; DEPUTY
GRIPPIN; DEPUTY HOWLAND; DEPUTY HIRST;
THE SCHOHARIE COUNTY MEDICAL DEPT.;
DR. WEITZ; DR. BELINGER; and JANE DOE #1,

                        Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

RYAN S. McNAMEE
  Plaintiff, *Pro Se*
37 Remsen Avenue
Wappingers Falls, NY 12590

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C.            JUSTIN O. CORCORAN, ESQ.
  Counsel for Defendants Weitz and Belanger
20 Corporate Woods Boulevard
Albany, NY 12211

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Generally, the Amended Complaint of Ryan S. McNamee

("Plaintiff") asserts claims under the First and Eighth Amendments against the Schoharie County

Jail, the County Medical Department, and nine employees of the Jail arising from Plaintiff's

incarceration at the Jail between September of 2005 and November of 2006.  (*See generally* Dkt.

No. 5 [Plf.'s Am. Compl.].)  Among these claims is a claim that, in September and October of

2006, Defendants Zeev Weitz (a physician) and David Belanger (a nurse)[1] violated Plaintiff's

Eighth Amendment right to adequate medical care by "abruptly" taking him off the prescription

drug Lexapro with "no valid explanation" and merely "to save money," and by failing to cause

him to be placed back on that drug.  (*Id*. at 11-13.)

Currently pending before the Court is a motion by Defendants Weitz and Belanger to

dismiss Plaintiff's Eighth Amendment inadequate-medical-care claim against them for failure to

state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 16.)  Despite having been

specifically advised of the consequences of failing to respond to Defendants Weitz and

Belanger's motion, and having been *sua sponte* granted an extension of the deadline by which he

had to so response, Plaintiff has failed to so respond.  (Dkt. No. 30.)

For the reasons stated below, I recommend that Defendants Weitz and Belanger's motion

to dismiss Plaintiff's claim against them be granted.  I also recommend that Plaintiff's deliberate-

indifference claim against Defendant "Jane Doe #1" be *sua sponte* dismissed with prejudice due

to Plaintiff's failure to name or serve her and/or for his failure to state a claim against her upon

which relief might be granted.  I also recommend that Plaintiff's claims against Defendant

Schoharie County Medical Department be *sua sponte* dismissed with prejudice due to Plaintiff's

---

[1]        While Plaintiff's Amended Complaint and the caption of this case refer to "Dr.
Belinger," I note that defense counsel has stated that the correct spelling of this individual's name
is "Belanger."  (*See* Dkt. No. 16, Part 3, at 1 [Defs.' Mem. of Law].)  Defense counsel has stated
also that Defendant Belanger is a Nurse Practitioner, not a doctor, as Plaintiff alleges.  (*Id*.)

failure to serve that entity and/or his failure to diligently litigate his claims against that entity.

Finally, I recommend that Plaintiff's claims against the remaining Defendants (i.e., Defendants

Hazzard, Cronk, Marsh, Hirst, Alexander, Grippin, and Schoharie County Jail) be *sua sponte*

dismissed with prejudice due to Plaintiff's failure to diligently litigate his claims against them,

unless Plaintiff shows cause for this failure within ten (10) days of the date of this Report-

Recommendation.

## I.   RECENTLY CLARIFIED LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure

to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been

understood that a defendant may base such a motion on either or both of two grounds: (1) a

challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2);[2] or (2) a challenge to

the legal cognizability of the claim.[3]

---

[2]      *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[3]      *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest.  . . .  In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[4] The purpose of this rule is to "facilitate a proper decision on the merits."[5] A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[6]

---

complaint when the plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-02 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[4]    *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47); *see also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[5]    *See Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48).

[6]    *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion). Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[7]   However, it is well established that even this liberal notice pleading standard "has its limits."[8]   As a result, several Supreme Court decisions, and Second Circuit decisions, exist holding that a pleading has failed to meet this liberal notice pleading standard.[9]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated a claim upon which relief could be granted, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state

---

[7]      *See, e.g.*, *Swierkiewicz*, 534 U.S. at 513-14 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[8]      2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[9]      *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-74 (2007) (pleading did not meet Fed. R. Civ. P. 8[a][2]'s liberal requirement), *accord, Dura Pharmaceuticals*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-22 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-35 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See, e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Fed. R. Civ. P. 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Fed. R. Civ. P. 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007).[10]  Rather than turning on the conceivability of an actionable claim, the Court clarified, the Fed. R. Civ. P. 8 standard turns on the "plausibility" of an actionable claim. *Id*. at 1965-74.  More specifically, the Court held that, for a plaintiff's complaint to state a claim, his "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]" assuming, of course, that all the allegations in the complaint are true. *Id*. at 1965 [citations omitted].  What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id*.; *accord*, *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

　　　Having said that, it should be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[11]  "This standard is applied

---

[10]　　The Court in *Twombly* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 127 S. Ct. at 1969.

[11]　　*Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[12]  In other words, while all pleadings are to be construed liberally, *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.  Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest."[13]

Moreover, when addressing a *pro se* complaint, generally a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[14]  Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.[15]  Finally, "all normal rules of pleading are not absolutely suspended."[16]  For

_____

[12]     *Hernandez*, 18 F.3d at 136 (citation omitted); *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citations omitted); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (citation omitted).

[13]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).

[14]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").  Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.

[15]     *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *2, n.14 (N.D.Y.Y. July 11, 2007) (McAvoy, J., adopting report-recommendation of Lowe, M.J.); *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *5, n.34 (N.D.N.Y. Jan. 23, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Ariola v. Onondaga County Sheriff's Dept.*, 04-CV-1262, 2007 WL 119453, at *2, n.13 (N.D.N.Y. Jan. 10, 2007) (Hurd, J., adopting report-recommendation of Lowe, M.J.); *Collins v. Fed. Bur. of Prisons*, 05-CV-0904, 2007 WL 37404, at *4, n.30 (N.D.N.Y. Jan. 4, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Goros v. Cent. Office Review Comm.*, 03-CV-0407, 2006 WL 2794415, at *5, n.18 (N.D.N.Y. Sept., 26, 2006) (Sharpe, J., adopting report-recommendation of Lowe, M.J.); *Williams v. Weaver*, 03-CV-0912, 2006 WL 2799417, at *4, n.16 (N.D.N.Y. Sept. 26, 2006)  (Kahn, J., adopting report-

example, an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."[17]

## II.    BACKGROUND

### A.    Summary of Claims Asserted in Plaintiff's Amended Complaint

Liberally construed, Plaintiff's Amended Complaint sets forth the following claims:

(1) Between September of 2005 and November of 2006, Defendants Hazzard, Cronk, Marsh, Hirst, Alexander, and Grippin (and the Jail and the County Medical Department) violated Plaintiff's First Amendment rights by denying him access to the courts and interfering with his ability to practice his Catholic religion, and violated his Eighth Amendment rights by failing to protect him from an assault by a violent inmate, which occurred on November 7, 2005;

(2) During the days following November 7, 2005, Defendant "Jane Doe # 1," who was a physician at the Schoharie County Jail, violated Plaintiff's Eighth Amendment rights by "misdiagnos[ing] [Plaintiff's injury] and prescrib[ing] the wrong medication to [Plaintiff] for headaches that were occurring" as a result of a head injury he suffered during the referenced assault;

(3) On or about September 25, 2006, "with no valid explanation" but merely "to save

_____

recommendation of Lowe, M.J.).

[16]    *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980) (citations omitted), *accord*, *Gil v. Vogilano*, 131 F. Supp.2d 486, 491 (S.D.N.Y. 2001).

[17]    *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) (citation omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

money for the Schoharie County Jail," Defendant Weitz "abruptly" took Plaintiff off the prescription drug Lexapro (which he had been taking regularly since September 2005 for "anxiety, depression and uncontrollable rage attacks"), causing Plaintiff to suffer "loss of sleep, disorientation, and illusions [sic]."; and

(4) During the early weeks of October 2006, after three requests to see medical staff about the discontinuation of his Lexapro medication, Plaintiff was finally seen by Defendant Belanger, who failed to discover why Plaintiff had been taken off Lexapro, failed to cause Plaintiff to be placed back on Lexapro, and callously stated that Plaintiff should not be experiencing the side effects he was claiming (although a year before Defendant Belanger had told Plaintiff that an "abrupt" discontinuation of the drug would be "dangerous").  (Dkt. No. 5 [Plf.'s Am. Compl.].)

**B.    Defendants' Legal Arguments in Favor of Dismissal**

In their memorandum of law, Defendants Weitz and Belanger argue that Plaintiff's inadequate-medical-care claim against them should be dismissed for two reasons: (1) Plaintiff has failed to allege facts plausibly suggesting either that he suffered from a serious medical need for purposes of the Eighth Amendment during the time in question, or that Defendants Weitz and/or Belanger was deliberately indifferent to such a need; and (2) Plaintiff has failed to allege facts plausibly demonstrating that, before filing this action in federal court, he exhausted his administrative remedies with regard to his inadequate-medical-care claim against Defendants Weitz and Belanger.  (Dkt. No. 16, Part 4, at 5-11 [Defs.' Mem. of Law].)

**III.     ANALYSIS**

**A.     First Basis for Dismissal: Facial Merit of Defendants Weitz and Belanger's Unopposed Motion to Dismiss**

Defendants Weitz and Belanger filed their motion to dismiss on May 15, 2007.  (Dkt. No. 16.)  In light of Plaintiff's special status as a *pro se* civil rights litigant, on August 14, 2007, the Court advised Plaintiff that, while he was not required to respond, Defendants Weitz and Belanger's motion could be granted if the Court determined that they had met their requisite burden, thereby resulting in their dismissal from Plaintiff's action.  (Dkt. No. 30.)  The Court also *sua sponte* granted Plaintiff an extension of time in which to respond to their motion, until September 13, 2007.  (*Id*.)  Still, Plaintiff did not respond to the motion.

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."  N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants Weitz and Belanger's motion to dismiss has been properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause as to why his failure to oppose the motion should not be deemed as "consent" to the granting of the motion.  Therefore, the sole issue remaining before the Court is whether Defendants have met their "burden to demonstrate entitlement to the relief requested" in their motion.  N.D.N.Y. L.R. 7.1(b)(3).

As a practical matter, an inquiry into whether a movant has met its "burden to

demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than

a review of a contested motion to dismiss.[18]  Specifically, on an uncontested motion to dismiss,

the movant's burden of persuasion is lightened such that, in order to succeed, his motion need

only be "facially meritorious."[19]  A movant's burden in making legal arguments that are facially

meritorious has appropriately been characterized as "modest."[20]

      After carefully reviewing Plaintiff's Amended Complaint, and Defendants Weitz and

_____

[18]      *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-10 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[19]      *See*, *e.g.*, *Hernandez*, 2003 U.S. Dist. LEXIS 1625, at *8;  *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[20]      *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.).

Belanger's memorandum of law in support of their motion to dismiss, I find that Defendant Weitz and Belanger have met their lightened burden on their unopposed motion, for the reasons stated in their memorandum of law.  (*Compare* Dkt. No. 5 [Plf.'s Am. Compl.] *with* Dkt. No. 16, Part 3, at 1-11 [Defs.' Mem. of Law].)

   For these reasons, I recommend that the Court grant Defendants Weitz and Belanger's motion to dismiss.  Because adequate reason exists to grant Defendants Weitz and Belanger's unopposed motion, the Court need proceed no further in its analysis of Plaintiff's Amended Complaint.  However, in the interest of thoroughness, and toward the end of describing an *alternative basis* for dismissal of Plaintiff's claims against Defendants Weitz and Belanger, I will subject their motion to the more rigorous scrutiny appropriate for a contested motion to dismiss.

### B. Alternative Basis for Dismissal: Substantive Merit of Defendants Weitz and Belanger's Motion to Dismiss

#### 1. Failure by Plaintiff to Allege Facts Plausibly Suggesting that Defendants Were Deliberately Indifferent to a Serious Medical Need

A prisoner's allegation of deliberate indifference to a serious medical need arises under the Eighth Amendment when the alleged deliberate indifference occurred while prisoner was incarcerated on a sentence of conviction, and under the Fifth Amendment when the alleged deliberate indifference occurred while prisoner was detained awaiting trial.  *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000).  Under either constitutional amendment, the legal standard (for a deliberate indifference claim) is the same.  *Cuoco*, 222 F.3d at 106.

Generally, to state a claim for inadequate medical care under the United States Constitution, a plaintiff must allege facts plausibly suggesting two things: (1) that he had a sufficiently serious medical need; and (2) that the defendants were deliberately indifferent to that

serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143

F.3d 698, 702 (2d Cir. 1998).

**a.      Whether Plaintiff Had a Sufficiently Serious Medical Need**

To be sufficiently serious for purposes of the Constitution, a medical condition must be "a

condition of urgency, one that may produce death, degeneration, or extreme pain."  *Nance v.*

*Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) [citations omitted], *accord*,

*Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995);

*Chance*, 143 F.3d at 702.

Here, Plaintiff alleges that, during the time in question, he suffered from "mental health

problems," specifically, "anxiety, depression and uncontrollable rage attacks."  (Dkt. No. 5, at 13

[Plf.'s Am. Compl.].)  Conspicuously absent from Plaintiff's Amended Complaint (which is

otherwise very lengthy and detailed) is any allegation that, during the time in question, he

suffered from panic attacks or that he had attempted (or even contemplated) suicide.

After reviewing the relevant case law, I am unable to find that Plaintiff has alleged facts

plausibly suggesting a serious medical need under the Eighth Amendment.  *See Doty v. County of*

*Lassen,* 37 F.3d 540, 546 (9th Cir. 1994) (depression, headaches, nausea and shakes not serious

medical needs); *Jones v. Tammany Parish Sheriff*, 06-CV-2875, 2007 U.S. Dist. LEXIS 18816,

at *27-28 (E.D. La. Feb. 1, 2007) ("While some courts have characterized mental illnesses as a

'serious medical need' for purposes of constitutional analysis in Section 1983 claims by detainees,

they have generally done so in circumstances in which the plaintiff also exhibited seriously

harmful or severe symptoms or other ailments in combination with a mental illness sufficient to

render plaintiff's overall condition serious.") [collecting cases]; *White v. Ghost*, 456 F. Supp.2d

13

1096, 1102-03 (D. Dakota 2006) (bare allegations of "depression" and "suicide" not sufficiently serious, but allegation of two *attempted* suicides sufficiently serious).

> **b.**  **Whether Defendants Weitz and/or Belanger Were Deliberately Indifferent to any Serious Medical Need**

In any event, even if I were to assume, for the sake of argument, that Plaintiff has alleged facts plausibly suggesting that (during the time in question) he suffered from a serious medical need, I would find that he has not alleged facts plausibly suggesting that either Defendant Weitz or Belanger possessed a sufficient state of mind during the time in question to make him *deliberately indifferent* to that need.

An official is "deliberately indifferent" to a serious medical need when he "'knows of and disregards an excessive risk to inmate health or safety.'"[21]  "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[22]  What this means, as a practical matter, is that "deliberate indifference describes a state of mind more blameworthy than negligence,"[23] one that

---

[21]  *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 [1994]).

[22]  *Johnson*, 412 F.3d at 403 (citing *Farmer*, 511 U.S. at 837).

[23]  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Murphy v. Grabo*, 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J.) ("Deliberate indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly disregard the instructions of [prison] medical staff, requires more than negligence.  .  .  .  Disagreement with prescribed treatment does not rise to the level of a constitutional claim. . . .  Additionally, negligence by physicians, even amounting to malpractice, does not become a constitutional

is "equivalent to criminal recklessness."[24]

There is no such criminal recklessness alleged in Plaintiff's Amended Complaint.  (See Dkt. No. 5, at 10-13 [Plf.'s Am. Compl.].)  Plaintiff alleges facts plausibly suggesting that, for some if not all of the relevant time period, both Defendants Weitz and Belanger were acting under the *mistaken* belief that, during the weeks before Plaintiff had been taken off of Lexapro, he had not been taking the drug.  (*Id*. at 12.)  Moreover, Plaintiff does not even conclusorily allege that Defendant Weitz was aware of the withdrawal symptoms that Plaintiff was allegedly experiencing.  (*Id*. at 11-13.)  At most, there might be a *hint* of negligence alleged.  However, negligence is not sufficient to state a claim for deliberate indifference.  Nor is a disagreement over a treatment decision–which is what Plaintiff is essentially alleging.  *See Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements [between a prisoner and prison officials] over medications . . . are not adequate grounds for a section 1983 claim.  These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation

---

violation merely because the plaintiff is an inmate. . . .  Thus, claims of malpractice or disagreement with treatment are not actionable under section 1983.") [citations omitted].").

[24]       *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference.") [internal quotation marks and citations omitted]; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . .") [citation omitted]; *cf. Farmer,* 511 U.S. at 827 ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment.").

omitted].  As the Second Circuit once observed:

> It must be remembered that the State is not constitutionally obligated, much as it may be desired by inmates, to construct a perfect plan for [medical] care that exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls.  [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.  Common experience indicates that the great majority of prisoners would not in freedom or on parole enjoy the excellence in [medical] care which plaintiff[] understandably seeks . . . .  We are governed by the principle that the objective is not to impose upon a state prison a model system of [medical] care beyond average needs but to provide the minimum level of [medical] care required by the Constitution. . . .  The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves . . . .  The essential test is one of medical necessity and not one simply of desirability.

*Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) [internal quotations and citations omitted].

For the above reasons, I recommend that, in the alternative, the Court dismiss Plaintiff's claims against Defendants Weitz and Belanger due to Plaintiff's failure to allege facts plausibly suggesting that either Defendants Weitz or Belanger was deliberately indifferent to any serious medical need possessed by Plaintiff.

## 2.     Whether Plaintiff Failed to Exhaust Administrative Remedies

In the alternative, Defendants Weitz and Belanger argue that Plaintiff's claim against them should be dismissed because Plaintiff's Amended Complaint "contains no allegation that plaintiff ever complained administratively about the same medical decisions by Dr. Weitz and Mr. Belanger about which plaintiff complains at pages 11 through 13 of his complaint."  (Dkt. No. 16, Part 3, at 10 [Defs.' Mem. of Law].)

Although I agree with the main thrust of this argument (i.e., that Plaintiff's claim against Defendants Weitz and Belanger should be dismissed due to Plaintiff's failure to exhaust his

available administrative remedies), I disagree somewhat with Defendant Weitz and Belanger's reasoning.

For some years now, it has been the majority rule (followed by the Second Circuit) that a prisoner's fulfillment of his duty to exhaust his available administrative remedies under the Prison Litigation Reform Act ("PLRA") is not a fact that the prisoner had to plead in order to state a claim under 42 U.S.C. § 1983 but a fact that may be challenged by a defendant through an affirmative defense (such as on a motion for summary judgment pursuant to Fed. R. Civ. P. 56, or a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12[b][1]) established by the PLRA. *See, e.g., Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999) ("Because, under the PLRA, a prisoner must exhaust administrative remedies before filing a §1983 suit . . ., a defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements."); *Snider v. Melindez*, 199 F.3d 108, 114 (2d Cir. 1999) ("A court may not dismiss for failure to exhaust administrative remedies unless the court determines that such remedies are available.  Snider's answers [on a form complaint] cannot establish that.").

Recently, the Supreme Court upheld this interpretation of the exhaustion requirement, prohibiting circuits (such as the Sixth, Tenth and Eleventh Circuits) from using exhaustion as a heightened pleading requirement in prisoner civil rights case.  *See Jones v. Block*, 127 S. Ct. 910, 914-915, 918-923 (2007).  A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983.  *Block*, 127 S. Ct. at 919-21.  "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."  *Id*. at 921.  If a prisoner *chooses* to

17

plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may be dismissed for failure to state a claim. *Id*. at 920-21. Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) motion to dismiss premised on failure to exhaust. However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may "plead himself out of court," as the saying goes.

This is what has happened here. Addressing the exhaustion requirement in his Amended Complaint, Plaintiff alleges as follows:

> The plaintiff Mr. McNamee (#21562) believes the exhaustion rule is not inflexible and *need not be followed* when the facility has previously been challenged by other inmates. Challenges have been made with grievances and determinations have been made that to resort [t]o administrative remedies would be obviously futile and pursuit would cause irreparable injuries. The County Defendants take advantage of not answering grievances and delaying them for the sole purpose of causing harm to plaintiffs.

(Dkt. No. 5, at 7 [Plf.'s Am. Compl.] [emphasis added].) Through this allegation, Plaintiff has effectively acknowledged that the Schoharie Jail had a grievance procedure during the time in question, and that he knowingly did not pursue that grievance procedure.

Granted, Plaintiff appears to attempt to invoke the "unavailability," "estoppel," and "special circumstances" exceptions to the exhaustion rule. More specifically, Plaintiff appears to rely on the three-part inquiry that the Second Circuit has held is appropriate where a defendant contends that a prisoner has failed to exhaust his available administrative remedies, as required

by the PLRA.[25]  <u>First</u>, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."[26]  <u>Second</u>, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."[27]  <u>Third</u>, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."[28]

However, Plaintiff provides absolutely no factual allegations supporting his conclusory allegation that he "need not . . . follow[]" the exhaustion procedure since (1) unidentified courts or administrative bodies have accepted the argument of "other inmates" that their pursuit of their administrative remedies would have been futile, and (2) "[t]he County Defendants take advantage of not answering grievances and delaying them for the sole purpose of causing harm to plaintiffs."  (*See generally* Dkt. No. 5 [Plf.'s Am. Compl.].)  For example, Plaintiff does not allege that any court or administrative body has ruled that *Plaintiff's* administrative remedies have ever been unavailable at *the Schoharie County Jail*.  Nor does Plaintiff allege that either

---

[25]    *See Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).

[26]    *Hemphill*, 380 F.3d at 686 (citation omitted).

[27]    *Id.* [citations omitted].

[28]    *Id*. [citations and internal quotations omitted].

Defendant Weitz or Defendant Belanger in any way frustrated Plaintiff's ability to administratively grieve his claim against them.  The closes he comes is when he alleges that his "litigation" has been "injure[d]" by the refusal of the County "Medical Department" to release to him his medical records supporting his claim against Defendant "Jane Doe #1."  (*Id.* at 11.)  Such an allegation in no way supports Plaintiff's conclusory allegation that he did not have to exhaust his administrative remedies before filing his claim against *Defendants Weitz and Belanger*.

For the above reasons, I recommend that, in the alternative, the Court dismiss Plaintiff's claims against Defendants Weitz and Belanger due to Plaintiff's having alleged facts demonstrating that, before filing this action in federal court, he failed to exhaust his administrative remedies with regard to his inadequate-medical-care claim against Defendants Weitz and Belanger.

### C.    Failure to Name or Serve, and/or Failure to State Claim Against, Defendant "Jane Doe #1"

Plaintiff had a duty to diligently litigate his deliberate-indifference claim against Defendant "Jane Doe #1," including a specific duty to identify, name and serve her.  *See* Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 16(e),(f).  (*See also* Dkt. No. 6, at 2-4 [Order of Judge Kahn, filed 1/22/07, advising Plf. that "the U.S. Marshals cannot effect service on a 'Jane Doe' defendant," and that "if this individual is not timely served, this action will be dismissed as against her," and directing Plf. to "take reasonable steps to ascertain her identity" and "file a Motion to amend his Complaint and add such individual[], by name, as [a] defendant[] to this lawsuit"].)  Plaintiff has failed to fulfill that duty, and has not shown good cause excusing that failure.

Furthermore, using the well-known five-part balancing test appropriate for a failure-to-prosecute analysis,[29] I find that this failure to name and serve has persisted for more than a year; Plaintiff has had specific notice of the failure and the consequences of the failure; the individual designated as "Jane Doe #1" (whomever she may be) has been prejudiced by the failure; and no sanction less drastic than dismissal would be appropriate.  Under the circumstances, I find that Plaintiff's deliberate-indifference claim against "Jane Doe" should be dismissed under a variety of authorities.[30]

However, even if the Court were to overlook Plaintiff's failure to name and serve Defendant "Jane Doe #1," and to review the pleading sufficiency of Plaintiff's deliberate-

---

[29]    In the Second Circuit, courts consider five factors (none of which is dispositive) when deciding whether or not to dismiss an action for failure to prosecute: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."  *Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Fed. R. Civ. P. 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citations omitted].

[30]    I note that the Court need not issue such an order only upon motion of defense counsel but may do so *sua sponte.  See* Fed. R. Civ. 4(m) ("[T]he Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."); Fed. R. Civ. 16(f) ("[T]he judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . .").  Furthermore, with regard to Fed. R. Civ. P. 41(b), which speaks only of a *motion* to dismiss on the referenced grounds, courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Saylor v. Bastedo*, 623 F.2d 230, 238 (2d Cir. 1980); *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972).  Indeed, Local Rule 41.2(a) recognizes this authority.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

indifference claim against her, the Court would find that Plaintiff's factual allegations against her

do not state a claim upon which relief may be granted.[31]  Liberally construed, Plaintiff's Amended

Complaint alleges that, during the days following November 7, 2005, Defendant "Jane Doe # 1,"

who was a physician at the Schoharie County Jail, violated Plaintiff's Eighth Amendment rights

by "misdiagnos[ing] [Plaintiff's injury] and prescrib[ing] the wrong medication to [Plaintiff] for

headaches that were occurring" as a result of "a head injury" that he suffered during the

November 7, 2005, assault.  (Dkt. No. 5, at 11 [Plf.'s Am. Compl.].)  For the sake of argument, I

will assume that the vague "head injury" that Plaintiff suffered during the referenced assault

constituted a *sufficiently serious medical need* for purposes of the Eighth Amendment.  In any

event, the alleged errors that Defendant Jane Doe #1 committed during the days following that

injury constitute, at most, *negligence*, not the sort of *criminal recklessness* that is required to state

a claim under the Eighth Amendment.  (*See*, *supra*, Part III.B.1.b. of this Report-

Recommendation.)

> For all of these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's

deliberate indifference claim against Defendant "Jane Doe #1" due to Plaintiff's failure to name

or serve her, and/or his failure to state a claim against her upon which relief may be granted.

> ### D.      Failure to Serve Defendant Schoharie County Medical Department

> As indicated above in Part III.C. of this Report-Recommendation, Plaintiff had a duty to

diligently litigate his claims against Defendant Schoharie County Medical Department (if there

exists such an entity), including a specific duty to serve that entity.  *See* Fed. R. Civ. P. 41(b);

---

[31]      I note that the Court is authorized to conduct such an analysis of the pleading
sufficiency of Plaintiff's claims pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. §
1915A(b).

N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 16(e),(f).  (*See also* Dkt. No. 8, at

[Order of Magistrate Judge Lowe, filed 3/5/07, directing that Plf. "must comply with the requests

by the Clerk's Office for any documents [including accurate USM 285 Forms] that are necessary

to maintain this action."].)[32]  Plaintiff has failed to fulfill that duty.  (*See* Dkt. No. 27 [Summons

Returned Unexecuted as to Schoharie County Medical Dept., filed 5/23/07].)  Furthermore, he

has not shown good cause excusing that failure.

 Finally, using the balancing test appropriate for a failure-to-prosecute analysis, I find that

this failure to name and serve has persisted for approximately nine months; Plaintiff has had

specific notice of the failure and the consequences of the failure; the entity designated as "The

Schoharie County Medical Department" (whichever entity that may be) has been prejudiced by

the failure; and no sanction less drastic than dismissal would be appropriate.  Under the

circumstances, I find that Plaintiff's claims against Defendant Schoharie County Medical

Department should be dismissed under a variety of authorities.  (*See*, *supra*, note 30 of this

Report-Recommendation.)

 For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's claims

against Defendant Schoharie County Medical Department due to Plaintiff's failure to serve,

and/or his failure to diligently litigate his claims against, that entity.

---

[32] To the extent Plaintiff misnamed this entity, he had a duty to discover and correct
that error.  (*See* Dkt. No. 6, at 4 [Order of Judge Kahn, filed 1/22/07, advising Plf. that he shall
"take reasonable steps to ascertain the identities of any other individual(s) that purportedly
violated plaintiff's civil and/or constitutional rights and, if appropriate, file a Motion to amend his
Complaint and add such individual[], by name, as [a] defendant[] to this lawsuit"].)

### E.        Failure to Prosecute Claims Against Remaining Defendants

As indicated above in Part III.C. of this Report-Recommendation, Plaintiff had a duty to diligently litigate his claims against the remaining Defendants (i.e., Defendants Hazzard, Cronk, Marsh, Hirst, Alexander, Grippin, and Schoharie County Jail).  *See* Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 16(e),(f).

Using the balancing test appropriate for a failure-to-prosecute analysis, I find that Plaintiff has failed to diligently prosecute this action for approximately eight months, i.e., since about *June 4, 2007.*  I reach this conclusion for two reasons.  First, June 4, 2007, was the original deadline for Plaintiff's papers in response to Defendants Weitz and Belanger's motion to dismiss. Since that date, the Court has delayed deciding the motion to dismiss, in large part, out of special solicitude to Plaintiff, to permit him an adequate opportunity to respond.  I note that Local Rule 7.1(b)(3) gives a non-movant a duty to promptly notify the Court when he intends to not respond to a motion, and makes the failure to fulfill such a duty punishable by the imposition of sanctions.  N.D.N.Y. L.R. 7.1(b)(3).  Plaintiff has failed to provide such notice to the Court. Second, Local Rule 41.2(a) of the Local Rules of Practice for this Court provides that "[i]n the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y. L.R. 41.2(a).  As of June 4, 2007, the last time that Plaintiff had taken any action in this matter was about four months before, i.e., on February 2, 2007.  (Dkt. No. 7 [Plf.'s IFP App., filed 2/2/07].)

Furthermore, I find that Plaintiff has had adequate notice of his failure to prosecute and the consequences of the failure, due to (1) Local Rules 7.1(b)(3) and 41.2(a) of the Local Rules

of Practice for this Court, which were available at Plaintiff's correctional facility when he signed his Complaint in this action in August of 2006, and (2) the several Orders that have been filed in this action reminding Plaintiff, in part, of his various litigation duties.  (*See* Dkt. Nos. 4, 6, 8, 30, 31.)

Moreover, I find that the remaining Defendants have been prejudiced by Plaintiff's failure to prosecute, and will continue to be prejudiced by a further failure to prosecute.  Further delay by Plaintiff may very well result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[33]

Additionally, I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action.  It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).  Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against the remaining Defendants.

Finally, I have considered all less-drastic sanctions and rejected them, in part because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff would likely fall upon deaf ears, as did the Court's extension Order of August 14, 2007, due to

---

[33]    *See*, *e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

Plaintiff's apparent intent to abandon pursuit of his claims in this action).  (*See* Dkt. No. 30 [Order filed 8/14/07].)

For these reasons, I recommend that the Court dismiss Plaintiff's claims against the remaining Defendants (i.e., Defendants Hazzard, Cronk, Marsh, Hirst, Alexander, Grippin, and Schoharie County Jail) due to Plaintiff's failure to diligently litigate his claims against them, unless Plaintiff shows cause for this failure within ten (10) days of the date of this Report-Recommendation.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants Weitz and Belanger's motion to dismiss for failure to state a claim (Dkt. No. 16) be **<u>GRANTED</u>**, and that Plaintiff's claim of inadequate medical care by Defendants Weitz and Belanger, set forth in Count Three of Plaintiff's Amended Complaint (Dkt. No. 5), be **<u>DISMISSED</u> with prejudice** for failure to state a claim; and it is further

**RECOMMENDED** that Plaintiff's claim of inadequate medical care by Defendant "Jane Doe # 1," set forth in Count Three of Plaintiff's Amended Complaint (Dkt. No. 5), be *sua sponte* **<u>DISMISSED</u> with prejudice** due to Plaintiff's failure to name or serve her, or, in the alternative, due to his failure to state a claim upon which relief might be granted; and it is further

**RECOMMENDED** that Plaintiff's claims against Defendant Schoharie County Medical Department be *sua sponte* **<u>DISMISSED</u> with prejudice** due to Plaintiff's failure to serve that entity and/or his failure to diligently litigate his claims against that entity; and it is further

**RECOMMENDED** that Plaintiff's claims against the remaining Defendants (i.e., Defendants Hazzard, Cronk, Marsh, Hirst, Alexander, Grippin, and Schoharie County Jail) be

*sua sponte* **__DISMISSED__ with prejudice** due to Plaintiff's failure to diligently litigate his claims against them, unless Plaintiff shows cause for this failure within **TEN (10) DAYS** of the date of this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 13, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge